IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Steel, | No. CIV 08-1030-PHX-PGR (DKD) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan,* et al., | |
| Respondents. | |

TO THE HONORABLE PAUL G. ROSENBLATT, U.S. DISTRICT JUDGE:

Petitioner Michael Steel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for Possession of a Narcotic Drug for Sale, with a prior felony conviction, and the trial court's imposition of a 9.25-year term of imprisonment. In his three grounds for habeas relief, he argues that his constitutional rights were violated as follows: (1) the trial court failed to consider all mitigating evidence at sentencing; (2) Steel was not mentally competent to enter into a plea agreement; and (3) his trial counsel was ineffective. Respondents argue that the petition is untimely. The Court agrees and recommends that the petition be denied and dismissed with prejudice.

---

* Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Charles L. Ryan, the Interim Director of the Arizona Department of Corrections, replaces Dora Schriro.

Following the entry of Steel's guilty plea on February 1, 2005 and his sentencing on March 11, 2005, he filed a Notice of Post-Conviction Relief which the trial court dismissed by minute entry as untimely:

> Defendant filed on March 27, 2006, an untimely Notice of Post-Conviction Relief. He was sentenced on March 11, 2005 following his guilty plea. He claims he has just obtained his mental health records and this "new evidence" should have been presented to the Court in mitigation at sentencing. He does not explain what these records show or provide a copy of any records. As such, defendant has failed to provide the Court with sufficient information to substantiate his claim of newly discovered evidence, as required by Rule 32.2(b), Arizona Rules of Criminal Procedure.
>
> IT IS THEREFORE ORDERED dismissing defendant's Notice of Post-Conviction Relief.

(Doc. #8, Exh D).

Steel filed a second Notice of Post-Conviction Relief on August 22, 2206. On September 8, the trial court also dismissed that notice as untimely:

> Defendant filed on August 22, 2006, an untimely Notice of Post-Conviction Relief and Petition for Post-Conviction Relief. He was sentenced on March 11, 2005 following his guilty plea. Rule 32.4(a), Arizona Rules of Criminal Procedure, provides that the notice must be filed within 90 days of entry of judgment and sentencing, and that any notice not timely filed may only raise claims pursuant to Rule 32.1(d),(e), (f), or (h).
>
> Defendant claims that he was incompetent at the time he committed the crime, entered his guilty plea and was sentenced, and that his attorney provided ineffective assistance. These claims fall under rule 32.1(a) and therefore are not within the exceptions that excuse defendant from failing to timely pursue rule 32 relief.
>
> IT IS THEREFORE ORDERED dismissing defendant's Notice and Petition for Post-Conviction Relief.

(Minute Entry, 9/08/06, CR2004022451 *available at* http:www.superiorcourt.maricopa.gov/docket/minute entries).

In order to be timely, Steel was required to file his federal petition within one year of the time his conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). However, because Steel pleaded guilty, he waived the right to seek direct review. He was therefore entitled to bring an "of-right" post-conviction relief proceeding under Rule 32.1 of the Arizona Rules of

1 Criminal Procedure within 90 days of the entry of judgment and sentencing. "The time
2 during which a properly filed application for post-conviction or other collateral review with
3 respect to the pertinent judgment or claim is pending shall not be counted toward any period
4 of limitation." *See* 2244(d)(2). A review of the Maricopa County Superior Court docket
5 indicates that Steel had *nothing* pending in state court from March 11, 2005, until he filed his
6 Notice of Post-Conviction Relief on March 27, 2006 - a period of 382 days. Because Steel
7 was unable to provide the trial court with sufficient information to substantiate his claim of
8 newly discovered evidence, the trial court concluded that he did not satisfy the requirements
9 for an exception that excuses a defendant from timely filing. Because Steel's notice was
10 dismissed as untimely, it was not properly filed and did not toll the federal limitations period.
11 *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). The trial court ruled similarly
12 concerning his second Notice of Post-Conviction Relief, finding that it was untimely and did
13 not fall within one of the exceptions that excuse the requirement of timely filing. Because
14 neither of Steel's petitions tolled the limitations period, it commenced on March 12, 2005,
15 and expired on March 11, 2006. Steel's federal petition, filed on June 2, 2008, two years and
16 three months past the expiration of the limitations period, is therefore untimely.

17 Once the limitations period lapsed, Steel could not "restart" the period by filing a state
18 court action that would have tolled the limitations period, had it been timely filed. *See*
19 *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Finally, assuming that federal
20 courts have the authority to create equitable exceptions to jurisdictional time limitations set
21 by Congress, *see Bowles v. Russell*, 551 U.S. 205 (2007), Steel is not entitled to equitable
22 tolling. He has not shown extraordinary circumstances beyond his control which made it
23 impossible for him to timely file: that he diligently pursued his rights and that some
24 "extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418
25 (2005).

26 **IT IS THEREFORE RECOMMENDED** that Michael Steel's petition for writ of
27 habeas corpus be **denied and dismissed with prejudice** (Doc. #1).

28

1        This recommendation is not an order that is immediately appealable to the Ninth
2  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
3  Appellate Procedure, should not be filed until entry of the district court's judgment. The
4  parties shall have ten days from the date of service of a copy of this recommendation within
5  which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules
6  72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within
7  which to file a response to the objections. Failure timely to file objections to the Magistrate
8  Judge's Report and Recommendation may result in the acceptance of the Report and
9  Recommendation by the district court without further review. *See United States v. Reyna-*
10 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual
11 determinations of the Magistrate Judge will be considered a waiver of a party's right to
12 appellate review of the findings of fact in an order or judgment entered pursuant to the
13 Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.
14       DATED this 18th day of May, 2009.

_____
David K. Duncan
United States Magistrate Judge

- 4 -